**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ZEVON TARUSES McCARTER,

    Plaintiff,

-v-                                    Case No.  8:11-CV-2788-T-30AEP

ROBENIA BURNETT, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a federal prisoner proceeding *pro se*, has filed a civil rights complaint against Defendants. Plaintiff's complaint is filed under 18 U.S.C § 241, 18 U.S.C. § 242, and 28 U.S.C. § 1331. (Dkt. 1 at 1). As relief, Plaintiff requests the Court initiate a criminal prosecution against Defendants, and reinstatement of his parental rights or "a fair trial." (Dkt. 1 at 6). Because Plaintiff seeks redress from governmental entities, officers, and employees, the Court has undertaken a screening of his complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that Plaintiff's complaint is due to be dismissed.

First, "[t]itle 18, Sections 241 and 242 of the United States Code, are criminal statutes and do not give rise to a private cause of action." *Cohen v. Carmel*, 2010 U.S. Dist. LEXIS 90157, at *4 (S.D. Fla. July 27, 2010) (unpublished opinion) (citing *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985); *Crosby v. Catret*, 308 F. App'x 453, 453

(D.C. Cir. 2009) ("The district court properly rejected appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes.")). Therefore, Plaintiff's claims arising out of 18 U.S.C §§ 241, 242, must be dismissed as no private cause of action arises from these criminal statutes.

To the extent Plaintiff's claims arise out of 42 U.S.C. § 1983, the complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff has sued several individuals for violating his civil rights in connection with the judicial termination of his parental rights from his daughter. As relief, Plaintiff clearly seeks relief from the state courts' resolution of his custody dispute by requesting this Court to order the reinstatement of his parental rights.

A federal court lacks subject matter jurisdiction under the *Rooker-Feldman*[1] doctrine to adjudicate § 1983 claims related to state child custody proceedings. *See Goodman v. Sipos*, 259 F.3d 1327 (11th Cir. 2001); *Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988). In *Staley*, the Eleventh Circuit upheld the dismissal of Staley's civil rights action under § 1983. In doing so, the Court concluded that it did not need to consider the parties' substantive arguments because "no federal subject matter existed in this case." 837 F.2d at 1018. As the Court explained, "[i]n effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

not a forum for appealing state court decisions." *Id*. at 1017-18 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)).

In the instant action, Plaintiff seeks reinstatement of parental custody. Therefore, he essentially seeks "to reverse a state court's child custody determination." *Staley*, 837 F.2d at 1018. Consequently, this Court does not have subject matter jurisdiction to hear this action, and the case must be dismissed. *Id*.

ACCORDINGLY, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's complaint is dismissed.

2. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*